McKNEELEY v. ARMSTRONG et al.

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1911.)

1. APPEAL AND ERROR (§ 50*)—JURISDICTION —AMOUNT IN CONTROVERSY.

In an action for $84.74 wages, an interpleaded creditor of plaintiff set up a claim for $142.90, and asked judgment for $84.74, which defendant had brought into court, and for judgment against plaintiff for the remaining $58.16. *Held*, that the amount in controversy exceeded $100, giving jurisdiction to the Court of Civil Appeals on appeal by the interpleaded creditor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 233–260; Dec. Dig. § 50.*]

2. APPEAL AND ERROR (§ 84*)—APPEALABLE JUDGMENTS—FINALITY.

A corporation sued for wages due plaintiff caused C. and M., creditors of plaintiff, to be made parties, to determine their rights to the money, which was deposited in court. C. disclaimed any interest in the fund. Judgment was awarded the corporation for an attorney's fee, which was taxed as costs against C. and M. On appeal to the county court, plaintiff and M., in written pleadings, treated C. as having been dismissed from the suit, but defendant corporation tried its case on the original pleadings. The county court's judgment did not recite what parties appeared, but adjudged that M. take nothing, and that plaintiff recover of defendant the money deposited in court. *Held* that, through lack of disposition in the county court judgment as to C. and as to the attorney's fees claimed by defendant, there was no final judgment in the county court to support an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 84.*]

3. APPEAL AND ERROR (§ 79*)—"FINAL JUDGMENT."

To be appealable as being final, a judgment must dispose of all the parties, as well as the issues raised in the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by O. Armstrong against the Houston Belt & Terminal Railway Company, in which defendant interpleaded C. E. McKneeley and another. From a judgment of the County Court on appeal from Justice Court, C. E. McKneeley appeals. Appeal dismissed.

Meek & Highsmith, for appellant. Rowe & Nall, for appellee Armstrong. Andrews, Ball & Streetman, for appellee Railway Co.

HIGGINS, J. Appellee filed suit in justice court of Harris county against the Houston Belt & Terminal Railway Company for $48.10, alleged to be due him for labor performed. Said company filed written answer.

admitting that it had in its possession the sum of $84.74, wages earned by Armstrong, but that it had not paid said sum to him because it had been served with notices of the execution by Armstrong of certain assignments of his wages and powers of attorney to collect the same, one to Almon Cotton for the sum of $19, and one to C. E. McKneeley for the sum of $142.90. The said sum of $84.74 was tendered into court by the company, and it prayed that Cotton and McKneeley be made parties to the suit, and their rights to the money so deposited adjudicated, and the proper judgment entered for the protection of the company. In the answer of said company, it was further alleged that it had no interest in the subject-matter of the suit, further than to protect itself, and that it had been obliged to employ attorneys to represent it in the suit; and it further prayed that it be allowed a reasonable attorney's fee and judgment rendered therefor against the money so deposited, or against the parties claimant thereto, and for costs and general relief. Citation upon the answer of the company was issued and served upon McKneeley and Cotton, and upon trial in the justice court McKneeley orally pleaded his rights to the fund under the aforesaid assignment and power of attorney in his favor. Cotton also appeared in the justice court, and orally disclaimed any interest in the fund, and judgment was there rendered in favor of Armstrong against the company for the fund, and also against McKneeley and Cotton for the title and possession thereof. Judgment was rendered in favor of the company for attorney's fee, and the same taxed as costs against McKneeley and Cotton; and it was further ordered that McKneeley and Cotton take nothing in the suit, and as to them Armstrong and the company were discharged.

An appeal to the county court of Harris county was taken, and in the county court written pleadings were filed by Armstrong and McKneeley. McKneeley pleaded that he had an assignment from Armstrong of his wages to the extent of $142.90, and prayed that he have judgment against Armstrong and the company for the said sum of money so deposited in court, and against Armstrong for the balance of his claim, amounting to $58.16, and for judgment establishing his right to collect the future wages to be earned by Armstrong, so as to discharge all said balance of $58.16. In the written pleadings filed in the county court by McKneeley and Armstrong, no relief was asked against Cotton, and it would appear that they treated him as having been dismissed from the suit. The judgment rendered in the county court does not recite what parties appeared, but judgment was rendered that McKneeley take nothing by his suit, and that Armstrong recover of the company the money so deposited in court, to which judgment the said Mc-

Kneeley excepted and gave notice of appeal. It will be noted that the judgment rendered in the county court in no wise disposes of the rights of Cotton, nor does it dispose of the affirmative relief asked by the company for the allowance of an attorney's fee.

[1] The appellee, Armstrong, has filed a motion in this court to dismiss the appeal, upon the ground that the amount in controversy herein does not exceed $100, but is less than that amount, and the Houston Belt & Terminal Railway Company and Armstrong have filed a joint motion to dismiss the appeal, because the judgment from which the appeal is taken is not a final judgment, in that it does not in any wise dispose of the issues as to Cotton, who had been impleaded by it, and who had not been dismissed from the suit; and because it does not dispose of the issues raised by its pleadings for the recovery of attorney's fees. The pleading filed by McKneeley in the county court sets up his claim of $142.90 against Armstrong, and prays judgment for the sum of $84.74, which had been tendered in court by the company, and for judgment against Armstrong for the further sum of $58.16, being the balance due over and above the amount tendered in court, thus making the amount in controversy exceed $100 in so far as he and Armstrong, at least, were concerned. The motion of appellee, Armstrong, to dismiss is therefore overruled.

[2] The joint motion of the Houston Belt & Terminal Railway Company and Armstrong, however, is well taken. From the written pleadings filed by Armstrong and McKneeley in the county court it would seem that they treated the disclaimer of Cotton to operate as a dismissal as to him, and under the authority of Gullett v. O'Connor. 54 Tex. 408, and Burrows v. Cox, 38 S. W. 50, we would be disposed to hold that the failure to enter a formal dismissal as to Cotton is immaterial, were it not for the fact that there is nothing whatever in the record from which this court could infer that the Houston Belt & Terminal Railway Company had so regarded it. So far as said company was concerned, the case in county court was tried upon the same pleading which it had filed in the justice court, contents of which were stated above, and, in the absence of something to show that the company had treated the disclaimer of Cotton as a dismissal, it must be held that the company was still insisting upon a determination of the rights of Cotton to the money which it had deposited, so that it might be protected from any future claim which Cotton might make.

[3] In order to constitute a final judgment from which an appeal may be taken, it must dispose of all of the parties, as well as issues raised in the suit; and, there being no disposition made in the judgment rendered in the county court as to Cotton, nor as to the attorney's fee alleged and claimed by the

company, it was therefore not a final judgment, from which an appeal could be prosecuted to this court.

It is therefore ordered that the appeal be, and the same is, hereby dismissed.